```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                      :
ETHEL RICHARDS,                                                       :
                                                                      :
                              Plaintiff,                              :
                                                                      :               21-cv-338 (LJL)
                -v-                                                   :
                                                                      :               OPINION AND ORDER
THE DEPARTMENT OF EDUCATION OF THE CITY                               :
OF NEW YORK and THE BOARD OF EDUCATION                                :
OF THE CITY SCHOOL DISTRICT OF THE CITY OF                            :
NEW YORK,                                                             :
                                                                      :
                              Defendants.                             :
                                                                      :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants, the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York ("Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's third amended complaint ("TAC") to the extent it alleges claims of discrimination on the basis of race or religion in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, for failure to state a claim for relief. Dkt. No. 61.

Familiarity with the allegations and the prior proceedings in this case is presumed. On February 2, 2022, the Court issued an opinion and order granting Defendants' motion to dismiss Plaintiff's first amended complaint in part and denying it in part. Dkt. No. 31. In summary, the Court granted Defendants' motion to dismiss Plaintiff's claims for discrimination and hostile work environment based on Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290 *et seq.*, and NYCHRL.

The Court sustained certain of Plaintiff's claims of retaliation under Title VII, ADA, the NYSHRL, and the NYCHRL. The Court gave 30 days to Plaintiff to file amended pleadings. *Id.* at 46.

On March 7, 2022, Plaintiff filed a second amended complaint ("SAC"), asserting claims for discrimination and retaliation in violation of the NYCHRL and retaliation in violation of Title VII. Dkt. No. 36. On June 6, 2022, Defendants filed a motion to dismiss the SAC.[1] Dkt. No. 44. Plaintiff filed a memorandum of law in opposition to the motion to dismiss, Dkt, No. 48, and Defendants filed a reply memorandum of law in support of the motion to dismiss, Dkt. No. 49.

On August 29, 2022, Plaintiff filed a letter motion for a stay of decision on the motion to dismiss and for leave to file the TAC containing additional allegations of discrimination from June and September 2020, as to which Plaintiff had received notice of a right to sue. Dkt. No. 50. Defendants did not oppose the letter motion, Dkt. No. 52, and the Court granted the letter motion on August 31, 2022, Dkt. No. 53.

The TAC was filed on September 20, 2022. Dkt. No. 57. The TAC alleges two claims for relief: (1) discrimination on the basis of her race and religion and retaliation in violation of the NYCHRL, *id.* ¶¶ 54–56; and (2) retaliation in violation of Title VII, *id.* ¶¶ 57–59. Plaintiff no longer alleges claims of discrimination under federal or state law. The instant motion is addressed to the first claim of relief and only to the extent it alleges claims of discrimination.

Defendants argue that Plaintiff has not alleged a materially adverse change in the terms and conditions of her employment or facts that would give rise to an inference of discriminatory intent. Dkt. No. 62. The cases that Defendants cite for the proposition that Plaintiff must plead a

---

[1] Defendants attempted to file the motion on May 31, 2022, but the filing was rejected by the Clerk of Court for a filing error. Dkt. No. 42.

2

materially adverse change in the terms of her employment, however, arise under federal law. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015); *Bernstein v. New York City Dep't of Educ.*, 2020 WL 6564809, at *6 (S.D.N.Y. Nov. 9, 2020); *Davis v. Goodwill Indus. of Greater New York & New Jersey, Inc.*, 2017 WL 1194686, at *9 (S.D.N.Y. Mar. 30, 2017); *Honey v. Cnty. of Rockland*, 200 F. Supp. 2d 311, 319 (S.D.N.Y. 2002). Under the NYCHRL, "courts have held that discrimination claims brought under the NYCHRL do not require a materially adverse employment action." *Sherman v. Fivesky, LLC*, 2020 WL 2136227, at *8 (S.D.N.Y. May 5, 2020). Plaintiff must instead allege simply "differential treatment"—that she is treated "less well"—on the basis of a prohibited characteristic and a discriminatory motive. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). It is an affirmative defense that "the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." *Id.* (citations omitted).

Moreover, to allege a discriminatory motive for the purposes of a NYCHRL discrimination claim, Plaintiff need only allege "that unlawful discrimination was one of the motivating factors, even if it was not the sole motivating factor, for an adverse employment decision." *Heiden v. New York City Health & Hosps. Corp.*, 2023 WL 171888, at *31 (S.D.N.Y. Jan. 11, 2023) (citing *Melman v. Montefiore Med. Ctr.*, 946 N.Y.S.2d 27, 40 (1st Dep't 2012)); *see also Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021). "[W]hile courts may still dismiss 'truly insubstantial cases,' even a single comment may be actionable in the proper context." *Mihalik*, 715 F.3d at 113 (citation omitted). But "district courts must be mindful that the NYCHRL is not a general civility code." *Id.*

Plaintiff has alleged sufficient facts to make her claim plausible, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007), and "to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]," *id*. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (same). Among other allegations, Plaintiff claims that she was subject to discipline for alleged infractions that was not imposed on other similarly situated employees who were not of her religion or race. *See*, *e.g.*, Dkt. No. 57 ¶¶ 19–20, 33. She also alleges that she received a greater workload than other similarly situated employees of a different race or religion. *Id.* ¶¶ 23, 29. She further alleges that she was threatened with disciplinary action for taking time off while others not of the same race or religion did not receive such treatment. *Id.* ¶ 36. Those allegations are sufficient to permit discovery to go forward on Plaintiff's claims. Defendants' arguments that the claims do not have merit is more properly addressed on summary judgment and not at this stage.[2]

## CONCLUSION

For these reasons, Defendants' motion to dismiss is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 61.

SO ORDERED.

Dated: April 10, 2023
New York, New York

                    LEWIS J. LIMAN
                   United States District Judge

---

[2] The Court also rejects Defendants' argument that the motion to dismiss should be granted because Plaintiff's allegations in the TAC are beyond the leave to amend granted to Plaintiff. *See* Dkt. No. 62 at 6. The thrust of Plaintiff's allegations is not different from those contained in earlier pleadings. Accordingly, Defendants have not shown prejudice from the alleged violation of the Court's directive.